IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

RICKY O. VALLE-ORTIZ
Plaintiff

vs

COMMONWEALTH OF PUERTO RICO
Defendant

CIVIL 14-1475CCC

**OPINION AND ORDER**

Before the Court is Petitioner's 28 U.S.C. § 2254 habeas corpus petition (D.E. 2).[1]  Respondent filed a Motion to Dismiss the Petition (**D.E. 13**). Petitioner filed a Response to the Motion to Dismiss (D.E. 15).  For the reasons discussed below, the Court finds the Petition shall be DISMISSED FOR LACK OF JURISDICTION.

**I.    BACKGROUND**

Petitioner Ricky O. Valle-Ortiz (herein after "Petitioner" or "Valle-Ortiz"), a state prisoner presently confined in a penal institution of the Commonwealth of Puerto Rico, has filed a pro se application for writ of *habeas corpus* pursuant to 28 U.S.C. § 2254.  Petitioner filed this *habeas corpus* before this Court alleging that he was sentenced pursuant to an inapplicable Puerto Rico Penal Code, as well as additional challenges to both his conviction and sentence. However, a review of the record before us indicates that Petitioner has failed to comply with the jurisdictional pre-requisite of exhausting state remedies prior to the filing of a § 2254 Petition in Federal Court.

---

[1]D.E. is an abbreviation of docket entry number.

CIVIL 14-1475CCC                                2

## II.    DISCUSSION

Pursuant to federal law, a prisoner who claims he is being held by the state government in violation of the Constitution or laws of the United States may file a civil lawsuit in federal court seeking a writ of *habeas corpus* pursuant to 28 U.S.C. § 2254.  A federal court's review of a 28 U.S.C. § 2254 petition is not a direct review of a state court's decision.  The petition is a separate civil suit considered as collateral relief.  The federal *habeas corpus* is not a constitutional, but rather a statutory relief codified in 28 U.S.C. § 2254.

Prisoners in state custody who choose to collaterally challenge their confinement in a federal habeas proceeding are required to comply with the "independent and adequate state ground doctrine".  See Yeboah-Sefah v. Ficco, 556 F.3d 53 (1st Cir. February 19, 2009); citing Coleman v. Thompson, 501 U.S. 722, 730-31 (1991).  As such, Petitioner must meet two initial requirements.  First, Petitioner is required to exhaust state judicial remedies, either on direct appeal or through collateral proceedings.  The highest state court available must have a fair opportunity to rule on the merits of each and every claim which petitioner seeks to raise in federal court.  In order to fulfill this exhaustion requirement, the Petitioner must have fairly presented the substance of all of his federal constitutional claims to the highest state court. Levine v. Commissioner of Correctional Servs., 44 F.3d 121, 24 (2nd Cir. 1995).

The state court must have been appraised of both the factual and legal base of those claims.  Grey v. Hoke, 933 F.2d 117, 119 (2nd Cir. 1991).  The United States Supreme Court has held that in order to satisfy the exhaustion requirement, a petitioner requesting federal *habeas corpus* review is required to present claims to the state supreme court even when its review is

CIVIL 14-1475CCC                      3

discretionary.  O'Sullivan v. Boerckel, 526 U.S. 838 (1999).  The burden of providing that a federal habeas claim has been exhausted in state court lies with the petitioner.  Valle-Ortiz, however, has not met this initial burden.

In the Commonwealth of Puerto Rico, there is a two-tier system for post conviction relief.  In order for Petitioner to exhaust his state court remedies, Valle-Ortiz must file a Rule 192.1 motion pursuant to the Puerto Rico Rules of Criminal Procedure requesting the trial court to vacate, set aside, or correct the judgment (34 L.P.R.A. App. II, Rule 192.1), or a petition pursuant to section 1741 of the Code of Criminal Procedure requesting a writ of *habeas corpus* (34 L.P.R.A. §§ 1741-1743).  An appeal may be filed from the subsequent denial of a Rule 192.1 motion or of a section 1741 habeas petition.  Once any of the two appeals is denied by the Puerto Rico Court of Appeals, then Petitioner must file a writ of certiorari to the Supreme Court of Puerto Rico, Id.  Thus, pursuant to Puerto Rico law, in order for Valle-Ortiz to properly file a section 2254 petition for relief before this Federal Court, he must first exhaust at least one of the two post-conviction remedies provided by the Commonwealth laws, either a Rule 192.1 motion or a *habeas corpus* petition pursuant to section 1741 of the Code of Criminal Procedure (P.R.L.A. 34 § 1779), all the way until final review by the Supreme Court of Puerto Rico.

In the instant case, Petitioner has failed to show that he exhausted either of the two local post-conviction remedies.  The record reflects that at some point Petitioner filed an appeal of his conviction before the Puerto Rico Court of Appeals.  The Puerto Rico Court of Appeals affirmed Valle-Ortiz's conviction and sentence in Pueblo de Puerto Rico v. Ricky Omar Valle Ortiz, 2013 WL 4606493 (June 28, 2013) (see Exhibit 1 of D.E. 16).  Petitioner then

CIVIL 14-1475CCC                              4

filed a Certiorari before the Supreme Court of Puerto Rico seeking relief from the Puerto Rico Court's of Appeals decision.  <u>See</u> Exhibit 1 of D.E. 15. Apparently, the Supreme Court denied Valle-Ortiz's Certiorari for he has submitted with D.E. 15 two separate motions for reconsideration filed by him before the Supreme Court of Puerto Rico.

In his Urgent Response (D.E. 15), Petitioner admits that he did not file a Rule 192.1 motion, claiming that he failed to do so because he was never informed by the Supreme Court of Puerto Rico that he had to file said motion (D.E. 15 at p. 2).  Furthermore, the Court has read the translated decision of the Puerto Rico Court of Appeals (Exhibit 1 of D.E. 16) and at no time does the Appeals Court establish or even mention that it is reviewing a denial of a Rule 192.1 motion.  In fact, the Court clearly indicates that it has before it Petitioner's appeal requesting that it reverse his sentence.  The Court further notes that the issue raised by Valle-Ortiz in his 2254 Petition as to him being sentenced pursuant to an improper Criminal Code was not raised and therefore not considered by the Puerto Rico Court of Appeals.

Additionally, we note that neither Petitioner, who has the burden of showing exhaustion requirements, nor Respondent have submitted any additional information or documents that would establish that Petitioner completed the requirement of filing a petition pursuant to section 1741 of the Code of Criminal Procedure requesting a writ of *habeas corpus* since by Valle-Ortiz's own admission he did not file a Rule 192.1 motion. Therefore, this Court lacks jurisdiction to entertain his petition; the Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(6) filed by the Commonwealth of Puerto Rico on October 3, 2014 (**D.E. 13**) is GRANTED and the *Habeas Corpus* Petition is hereby DISMISSED.

CIVIL 14-1475CCC 5

### III.  CONCLUSION

For the reasons stated, the Court concludes that Petitioner Ricky O. Valle-Ortiz' Petition for Habeas Corpus Relief Pursuant to 28 U.S.C. § 2254 is DISMISSED, without prejudice.  Judgment to be entered.

SO ORDERED.

At San Juan, Puerto Rico, on July 21, 2015.

S/CARMEN CONSUELO CEREZO
United States District Judge